**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHONA ALLISON, ARTHUR BADEN, STEPHEN BEARD, RICHARD BLAKELEY, TONY BORSELLINO, LIZ BRODERICK, THEODORE CORNELL, MIKE FITZGERALD, JEREMIAH FOLKMAN, KEVIN GALLAGHER, TIM HANKE, LYNN KOOP, MASON LEE, SARAH LIN, DEBBIE LOTT, TERRENCE MCCANN, JAMIE MCLEAN, DENISE PEPIN, BEN RAMUNDT, BART RITCHEY, DEREK SMITH, JEFF ULMER and R-T SPECIALTY OF ILLINOIS, LLC, a Delaware Corporation, | Case No. 10-3313<br><br>Judge Lindberg<br>Magistrate Judge Denlow |
| Plaintiffs/Counterclaim Defendants, | |
| v. | |
| CRC INSURANCE SERVICES, INC., an Alabama corporation, | |
| Defendant/Counterclaim Plaintiff, | |
| v. | |
| MATT ANDERSON, JESSICA BAKHOS, JULIENNE BERNIARD, RENEE ENGMAN, NICK FANE, PAUL JACKSON, SUE LOPEZ, CHRISTY MARVIN, SHANNON MCFADDEN (NEE STEFANSKI), MAUREEN MENEGHETTI, JOHN O'DONNELL, MARK PENNING, RYAN SCOTT, PILAR SISSEC, MEGHAN VILONA, BILL WARDIUS, PATRICK G. RYAN, R-T SPECIALTY, LLC, a Delaware corporation, and RYAN SPECIALTY GROUP, a Delaware corporation, | |
| Counterclaim Defendants. | |

## CRC INSURANCE SERVICES, INC.'S
## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

CRC Insurance Services, Inc. ("CRC"), pursuant to Federal Rule of Civil Procedure 65(a), hereby seeks a Temporary Restraining Order and Preliminary Injunction to prevent violations of its noncompete, nonsolicitation and nondisclosure covenants, and unfair competition by its former employees and an industry competitor.  In support thereof, CRC states:

1.　　R-T Specialty of Illinois, LLC and R-T Specialty, LLC (collectively "RTS"), in concert with Ryan Specialty Group ("RSG") and Patrick G. Ryan ("Ryan"), have plotted and undertaken a coordinated scheme to steal the business of CRC Insurance Services, Inc. ("CRC"). RSG and its subsidiary, RTS, set about to raid CRC's employees and steal CRC's customers. Beginning on May 4, 2010, the newly-formed RTS and RSG convinced over 120 CRC employees to leave CRC's well-established wholesale insurance brokerage business and go to work for RTS and RSG.  Press reports describe this well-orchestrated raid as unprecedented in scope and scale.

2.　　As the raid began, CRC sought relief in Alabama, its home state.  There, the Circuit Court of Jefferson County issued an Order that prohibited, among other things, RTS, RSG and Ryan from causing CRC employees "to engage or participate in any business that is in competition in any manner whatsoever with the business of CRC" and "to solicit or accept any business from any customers with who she/he worked while with CRC."

3.　　On Friday, May 28, 2010, however, the Order expired as to RTS, RSG, and Ryan when the Judge held that the Alabama court did not have jurisdiction over those parties.  The Judge suggested that CRC instead seek injunctive relief in Chicago.

4. CRC has therefore now come to this Court seeking a temporary restraining order and preliminary injunction. If CRC's former employees are not enjoined from violating the non-compete, non-solicitation, and non-accept provisions in their employment agreements and if RTS, RSG and Ryan are not enjoined from soliciting and accepting CRC's clients, CRC's very survival is in jeopardy. Given the imminent catastrophic harm that CRC faces, as well as the strength of CRC's counterclaims, the counterclaim defendants should be temporarily and preliminarily enjoined.

5. A court may exercise its equitable powers to grant temporary or preliminary injunctive relief to a party such as CRC, who (1) has some likelihood of success on the merits, (2) has no adequate remedy at law, and (3) will suffer irreparable harm if an injunction does not issue. *Foodcomm Int'l v. Barry*, 328 F.3d at 300, 303 (7th Cir. 2003) (affirming preliminary injunction issued against former employees).

6. As detailed in the accompanying Memorandum, CRC has a substantial likelihood of success on the merits of at least its breach of contract, declaratory judgment, and tortious interference with contract claims.

7. Further, no adequate remedy at law exists to prevent the continuing breaches of contractual agreements that CRC has with its employees. The resultant loss of competitive advantage, customer base and goodwill, and the balance of harms clearly weights in favor of CRC, where it simply seeks to require its employees to fulfill the obligations they already agreed to undertake.

8. In support of this Motion, CRC relies on:

    a. CRC's Verified Counterclaims;

    b. The accompanying Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction;

  c. The supporting exhibits to CRC's Memorandum;

  d. The posting of a bond by CRC, which CRC is ready and willing to post, in an amount deemed proper by the Court, at the direction of the Court.

WHEREFORE, for the reasons stated above, and as more fully detailed in the accompanying Memorandum, CRC respectfully requests this Court enter an Order granting its Motion and entering a temporary restraining order and preliminary injunction, as follows:

(1) Restraining the CRC Employees (as defined in CRC's Counterclaims at Paragraph 6) from being employed by and/or associated with any entity in competition with CRC in the state of Illinois, including but not limited to RSG, RTS and/or Ryan, for a period of two (2) years after the termination of those individuals' employment with CRC in accordance with the terms contained in their Employment Agreements;

(2) Restraining the CRC Employees from associating with any other person, firm or corporation which is or may be intending to become in competition with CRC in any county in the State of Illinois;

(3) Restraining the CRC Employees from, for a period of two (2) years after the termination of their employment, soliciting and/or accepting business from CRC's customers in accordance with the terms contained in the Employment Agreements;

(4) Restraining the CRC Employees, immediately and for a period of two (2) years after the termination of their employment with CRC, from soliciting CRC's employees pursuant to the terms of their Employment Agreements;

(5) Restraining RSG, RTS and Ryan from soliciting, hiring or employing any of CRC's brokers (except in California) for a period of two (2) years after the termination of those individuals' employment with CRC;

(6) Restraining RSG, RTS, Ryan and the CRC employees from misappropriating, obtaining, or using any of CRC's trade secrets and confidential and proprietary information, including but not limited to underwriting information, plans, insurance markets, designs, compositions, scripts, outlines, customer lists, customer information, trade secrets and any other material or information relating to the business activities of CRC which the CRC Employees indirectly or directly developed or had access to during their employment with CRC, other than in service of CRC, and specifically not in service of RSG, RTS and/or Ryan;

(7) Ordering the CRC Employees, RSG, RTS, and Ryan to return to CRC all originals and all copies of CRC's trade secrets and confidential and proprietary information, including but not limited to underwriting information, plans, insurance markets, designs, compositions, scripts, outlines, customer lists, customer information, trade secrets and any other material or information relating to the business activities of CRC which the CRC Employees indirectly or directly developed or had access to during their employment with CRC, other than in service of CRC, and specifically not in service of RSG, RTS and/or Ryan; and

(8) Restraining the CRC Employees from soliciting or encouraging other CRC employees to leave their employment with CRC for a period of two (2) years after the termination of those individuals' employment with CRC.

.

Dated: June 1, 2010

Respectfully Submitted,

s/ Krista S. Schwartz
Krista S. Schwartz
E-mail: ksschwartz@jonesday.com
Jill S. Vorobiev
E-mail: jvorobiev@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Phone: (312) 782-3939
Fax: (312) 782-8585

COUNSEL FOR
DEFENDANT/COUNTERCLAIM
PLAINTIFF CRC INSURANCE
SERVICES, INC.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing CRC Insurance Services, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction was served upon the following counsel of record for Plaintiffs/Counterclaim Defendants via e-mail and hand delivery on June 1, 2010:

    Stephen R. Patton
    Robert B. Ellis
    KIRKLAND & ELLIS LLP
    300 North LaSalle Street
    Chicago, Illinois 60654
    Tel: (312) 862-2000
    Fax: (312) 862-2200
    stephen.patton@kirkland.com
    robert.ellis@kirkland.com

                                                    s/Krista S. Schwartz
                                                    One of the Attorneys for CRC Insurance Services, Inc.