# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 3313 | **DATE** | November 15, 2011 |
| **CASE TITLE** | ALLISON v. CRC INS. SERVS. INC. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's "Motion to Compel a Properly Prepared Rule 30(b)(6) Witness for Deposition and to Preclude Craig Elson from Testifying as a Rule 30(b)(6) Corporate Representative" [146] is GRANTED as to the 30(b)(6) witness Charles Wood. As to Craig Elson, the motion is DENIED.

# STATEMENT

Before me is a motion concerning two aspects of a 30(b)(6) deposition. The first concerns deponent Charles Wood, whom Plaintiffs claim was unprepared to answer certain questions despite proper notice on specific subject matter. The second concerns Craig Elson, whom Plaintiffs claim is disqualified from serving as a 30(b)(6) at all.

*Charles Wood*

Plaintiffs argue that Charles Wood, who was proffered as CRC's witness for certain damages-related topics, was unprepared and did not meaningfully respond to a host of questions. Further, they claim that Wood was unable to answer questions concerning documents which CRC produced just shortly before the deposition. CRC argues simply that Mr. Wood's testimony was sufficient and, to the extent he was unresponsive, it was on topics that were not adequately described in the 30(b)(6) deposition notice.

Rule 30(b)(6) allows for a party to depose a corporation on its collective corporate knowledge through an appointed representative. Fed. R. Civ. P. 30(b)(6). Assuming proper notice that includes "reasonable particularity" of the topics for discussion, the designee must then provide "complete, knowledgeable and binding answers" on the corporation's behalf. *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 268 (2nd Cir. 1999). In this case, CRC offered Charles Wood as 30(b)(6) designee on the following topics:

  i. The types, categories, and nature of the damages CRC claims to have suffered.
  ii. CRC's claims that Former CRC Employees bound policies on behalf of CRC for no commission.

**STATEMENT**

      iii. For CRC's Chicago office:
– Any actual or alleged effect on CRC or the office of the resignations and departure of Former CRC Employees.
– Any actual or alleged injury or damage to CRC or the office of the resignations and departure of Former CRC Employees.
– The current size of the office, including current number and identity of customers and insured accounts and current revenues and profits, and how the current size of the office compares with its size as of December 31, 2006, 2007, 2008, and 2009, including the current number and identity of customers and insured accounts and revenues and profits.

     Notwithstanding his designation on these topics, Mr. Wood answered "I don't know" to questions which I deem fairly related to these topics. The questions include subjects such as how many retail agents CRC's Chicago office has lost as clients since the departure of the brokers in Spring 2010 and how much revenue was historically associated with accounts that CRC allegedly lost due to solicitation of clients by RTS. RTS showcases ten other similar examples. CRC counters that at least for a few of the questions, answers were provided later in the deposition. Even if true, that leaves several questions unanswered which appear to concern relevant and properly noticed subject matter (among these, the examples highlighted above).

     Assuming proper notice of the subject matter, "I don't know" is generally not a proper response from a 30(b)(6) designee, nor is any answer suggesting that the designee is responding to the best of his personal knowledge. *Reilly*, 181 F.3d at 268. A 30(b)(6) designee is to be prepared based on facts known to the corporation at large, not his or her personal knowledge.

     RTS's motion as to Wood is GRANTED. RTS is allowed 3.5 additional hours of deposition time with a fully prepared 30(b)(6) witness. The witness may be Charles Wood himself or some other, new witness. RTS will, however, provide a new notice to that witness indicating - with heightened specificity - what questions and subjects it deems unanswered or uncovered from the previous deposition.

*Craig Elson*

     The motion as to Craig Elson is denied. Craig Elson was a paid damages consultant of CRC for this case. He was named as Rule 30(b)(6) deponent by CRC as the person most knowledgeable about certain aspects of CRC's damages claim. Plaintiffs claim this is inappropriate because Mr. Elson has been privy to certain of RTS's attorneys-eyes only ("AEO") documents. Therefore, argue Plaintiffs, Elson's testimony would not be based on what CRC as a corporation knows, but on additional information known only to RTS. CRC counters that they specifically designated Elson because he was the person most knowledgeable about the basis for damages calculations.

     The parties are actually in an odd sort of agreement as to Elson himself. That is, neither party actually wants to see Elson be deposed. The movant, RTS, does not want Elson deposed because he has allegedly been tainted by his exposure to the AEO documents. CRC, in contrast, thinks the entire subject of his testimony (damages calculations), is properly the subject of expert discovery as opposed to a lay fact deposition. So CRC thinks that not only Elson, but nobody, should be deposed on the subject.

     I am persuaded by CRC on this point. Taking them at their word that Elson's purview is the calculations, that is properly the subject of expert discovery, not a 30(b)(6) deposition. Therefore, the

**STATEMENT**

motion as to Elson is DENIED, and no fact witness need be deposed on the subjects for which CRC offered him.